# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

EDWIN BANKS,

            Plaintiff,

  vs.                  9:13-CV-1500 (DNH/ATB)

D. ROCK, et al.,

            Defendants.

---

EDWIN BANKS, Plaintiff pro se
RACHEL M. KISH, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is the defendants' motion to dismiss for lack of prosecution and/or for sanctions pursuant to Fed. R. Civ. P. 37(b) & 41(b). (Dkt. No. 71). Plaintiff has not responded in opposition to the motion. For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

## I. Procedural History

On December 5, 2013, four pro se plaintiffs filed this lengthy civil rights complaint against twenty-two defendants, including four "John Doe" defendants. (Complaint ("Compl.")) (Dkt. No. 1). After administrative closure of the action for failure to properly move for in forma pauperis ("IFP") status, and plaintiff Banks's

unsuccessful appeal thereof, the case was reopened on August 19, 2014.[1] (Dkt. No. 31).

On September 30, 2014, District Judge David N. Hurd granted plaintiff Banks's IFP application, dismissed the remaining plaintiffs[2] from the action, and denied plaintiff's motions for preliminary injunction and for appointment of counsel. (Dkt. No. 39). Judge Hurd also reviewed the action and dismissed seventeen of the defendants, including the four "John Doe" defendants. The remaining claims included an Eighth Amendment food tampering claim; a First Amendment religion claim; and a First Amendment mail interference claim.[3] (Dkt. No. 39). Judge Hurd also ordered service of the complaint on the remaining defendants.

After service was completed and defendants filed their answer to the complaint, a Mandatory Pretrial Scheduling Order ("MPSO") was issued by the court on April 2, 2015. (Dkt. Nos. 56 (Answer), 57 (MPSO)). Pursuant to the MPSO, amended pleadings were due by August 3, 2015, joinder of parties was to be completed by August 3, 2015, the discovery deadline was October 2, 2015, and dispositive motions were to be filed by December 2, 2015. (*Id.*) The MPSO also provided that the "defendant(s) are granted leave to take the deposition of plaintiff(s) with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff(s) at least fifteen (15) days prior to the scheduled date for the deposition." (Dkt. No. 57 at 4). The order further warns the

---

[1] Plaintiff Banks ultimately complied with this court's order and submitted the appropriate form.

[2] The remaining plaintiffs were not inmates.

[3] The court assumes familiarity with the summary of plaintiff's claims contained in Judge Hurd's September 30, 2014 Order. (Dkt. No. 39). The specifics of plaintiff's claims are not relevant to this recommendation.

plaintiff that his failure to "attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." However, "[o]bjections made in good faith in accordance with governing rules are not prohibited." (*Id.* at 5). The MPSO contains other important information about the discovery process and provides for mandatory disclosures by both sides to assist the parties in the conduct of discovery. (*Id.* at 1-4).

On October 2, 2015, I issued a Text Order extending the MPSO dates for discovery to December 18, 2015 and for the filing of dispositive motions to February 26, 2016. (Dkt. Not. 60 - Text Order). On October 28, 2015, defendants filed a status report, stating their compliance with the mandatory disclosure requirements of the MPSO. (Dkt. No. 61). On December 2, 2015, this court directed defense counsel to send another copy of the mandatory disclosures to plaintiff at his new facility.[4] (Dkt. No. 63 - Text Order).

On December 2, 2015, the court received a letter-motion from defense counsel, stating that she sent a deposition notice to plaintiff on November 6, 2015, scheduling a video-conference deposition for December 3, 2015. (Dkt. No. 64). However, plaintiff notified defense counsel by letter dated November 19, 2015 that he had not been receiving his mail, including the discovery documents and requested that defense counsel reschedule the deposition. Plaintiff also objected to appearing for his deposition by video-conference. (*Id.*) Defense counsel cancelled the deposition at plaintiff's request, and in her December 2, 2015 letter to the court, she proposed a new

---

[4] On November 23, 2015, plaintiff filed a change of address with the court, effective October 19, 2015. (Dkt. No. 62). Defendants' October 28, 2015 letter stated that the documents were sent to Sing Sing Correctional Facility, not to Attica, where plaintiff had been transferred at the time. The court wanted to make sure that plaintiff received the defendants' documents.

3

date of December 17, 2015. Counsel also requested that plaintiff be directed by the court to appear on that date by video-conference. Defense counsel also stated that she would re-send all the discovery documents. (*Id.*)

On December 3, 2015, I granted defendants' motion and directed plaintiff to submit to a video deposition on December 17, 2015. (Dkt. No. 65 - Text Order). In that order, I specifically warned plaintiff that his "FAILURE TO PARTICIPATE IN THE DEPOSITION MAY RESULT IN THE IMPOSITION OF SANCTIONS INCLUDING THE POSSIBLE DISMISSAL OF HIS ACTION." (*Id.*) On December 16, 2015, plaintiff "objected" to the deposition and requested that the deposition be held at the courthouse. (Dkt. No. 66). He also moved for appointment of counsel. (Dkt. No. 67). In his "objection," plaintiff argued that his due process rights had been violated because defendants never obtained leave of court to take his deposition, the request that he "produce"[5] documents was too vague, and my text order did nothing to "protect [his] rights at the deposition . . . ." (*Id.* at 2). Plaintiff alleged a variety of other objections to the deposition, claimed that his mail was still being tampered with, and asked that the deposition be held at the court "for authentication purposes." (*Id.* at 2-4). Plaintiff attached several exhibits to his motion. (Dkt. No. 66-1 – 66-7).

On the same day, Judge Hurd denied plaintiff's "Objection/Appeal" of my December 3, 2015 Text Order and denied plaintiff's motion for appointment of counsel. (Dkt. No. 68 – Text Order). In Judge Hurd's December 16, 2015 Text Order, plaintiff was again warned that the failure to participate in the December 17, 2015 video

---

[5] The "Notice of Deposition" required plaintiff to produce all documents relative to the allegations in the complaint, "if there are any" beyond the complaint and the documents produced by the defendants. (Dkt. No. 71-4, Ec. C at 2).

4

deposition could result in the imposition of sanctions, including dismissal of the action. (*Id.*)

On December 22, 2015, defense counsel filed a letter, stating that she, a court reporter, and plaintiff convened via video conference on December 17, 2015, but plaintiff refused to go forward with the deposition, notwithstanding being reminded that his failure to do so could result in sanctions, including the dismissal of the case. (Dkt. No. 69). In her letter, defense counsel stated that the conversation between counsel and plaintiff was held "on the record," and a transcript was prepared. (*Id.*) Defense counsel then requested dismissal or, in the alternative, permission to file a "formal motion to dismiss." (*Id.*) By Text Order, dated December 23, 2015, I granted defense counsel leave to file a formal motion to dismiss. (Dkt. No. 70). On January 28, 2016, defense counsel filed the motion to dismiss that is presently pending before me for Report and Recommendation. (Dkt. No. 71). Plaintiff's response was due on February 22, 2016, but he has failed as of today's date to respond to the defendants' motion.

## II.     Motion to Dismiss

### A.     Legal Standards

#### 1.     Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

5

### 2. Discovery Sanctions

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

### B. Application

As outlined above, plaintiff has been warned several times that he must appear and answer questions at his deposition in order to have his case go forward, and that failing to do so will subject him to sanctions, including dismissal. He has been warned by both Judge Hurd and by me in Text Orders. His objection that defendants did not obtain a court order is meritless because the MPSO specifically grants defendants leave to take plaintiff's deposition pursuant to Fed. R. Civ. P. 30(b)(1). (Dkt. No. 57 at 4).

Defendants have attached a transcript of the failed December 17, 2015 deposition as Exhibit D to their motion to dismiss. (Dkt. No. 71-5, Ex. D, Transcript "T"). At the beginning of the deposition, plaintiff stated that he did not wish to go forward. (T. at 3). Plaintiff referred to his December 13, 2015 letter, containing his "objections" and

"issues" concerning the deposition. (*Id.*) Defense counsel informed plaintiff that Judge Hurd had already ruled against him, and although plaintiff apparently had not yet received Judge Hurd's December 16, 2016 order, defense counsel read plaintiff the Text Order verbatim. (T. at 6-7). Defense counsel told plaintiff that Judge Hurd was ordering plaintiff to go forward with the deposition and asked plaintiff if this information changed his position. (T. at 7). Plaintiff stated that he had not received Judge Hurd's order, so he was "going to continue his objection."[6] (*Id.*)

Plaintiff also stated that he was convinced that everyone was violating his due process rights, because he was not receiving his mail, and when he sent documents to the "Albany District Court . . . it [sic] ended up in the Syracuse Court." (T. at 8). Plaintiff believed that hs "litigation [was] being misappropriated." (*Id.*) The court would first point out that the "Albany Court" and the "Syracuse Court" are both the Northern District of New York, and that plaintiff's case is assigned to Judge Hurd, who is actually in Utica and to me, in Syracuse. In addition, as plaintiff is aware, the Northern District of New York has an electronic filing system, and papers filed in any city in the Northern District will appear on its electronic docket. Thus, the fact that plaintiff's papers somehow appeared in Syracuse, in a case assigned to me, does not indicate that anyone is "tampering with" or "misappropriating" his action, and is not an excuse to avoid answering questions at his deposition.

Plaintiff also admitted to defense counsel that he had received the 100 pages of

---

[6] The court would point out that Judge Hurd did not receive plaintiff's letter motion until December 16, 2015, and he issued his order the same day. It was not unusual that plaintiff had not received Judge Hurd's order on December 17, 2015, and it certainly does not show that anyone was tampering with his mail. The court suspects that the only reason that defense counsel had the order was because she saw the order on the electronic docket.

7

documents that she sent as part of her "mandatory disclosures," notwithstanding his allegation that his mail was still being somehow intercepted. (T. at 5). Plaintiff was concerned because the package was sent by defense counsel on December 3, 2015, but he did not receive it until December 11, 2015, even though it was sent "Priority Mail." (T. at 5). Plaintiff claims that this alleged mail interference is "hindering" his litigation, and yet, when he had the opportunity to participate in his deposition, he refused to do so. He is hindering his own litigation. In any event, he had the defendants' documents six days *before* the scheduled December 17, 2015 deposition.

Defense counsel reminded plaintiff that his deposition was "part of" his litigation, and informed him that she was ready to proceed with the deposition. (T. at 9). Plaintiff then stated that he did not have any of "his" documents ready because they had been stolen and that no one was properly investigating his complaints. (T. at 9). Plaintiff did admit that he had the 100 pages of documents that defense counsel sent him. (T. at 9-10). Plaintiff then described the documents that he alleged had been stolen from him, and he indicated that these documents included "affidavits" from inmates who suffered the same allegedly retaliatory conduct by the defendants, and communications to and from government agencies pertaining to the matter. (T. at 10). The court would point out that plaintiff attached an exhibit to his previous request to adjourn the deposition, which stated that he was not "ready" for the previous deposition because his papers had been stolen. (Dkt. No. 66-5, Letter dated Nov. 19, 2015). Defense counsel cancelled the first scheduled deposition at plaintiff's request because he was not ready. Thus, his excuses for failing to participate at the rescheduled deposition were meritless.

Defense counsel asked plaintiff if he was sure that he was refusing to go forward,

notwithstanding court orders to do so, and plaintiff responded "Yeah. I don't mind testifying, but under the circumstances I don't want to go forward with the deposition. . . . I feel it's inappropriate, plus I don't like the situation that I'm under." (T. at 11). Plaintiff appears to believe that his "due process" rights were being violated. Plaintiff's "feeling" that his situation was inappropriate does not excuse his failure to participate, given number of times that he was warned that the failure to do so could result in sanctions including dismissal of his action.[7] Plaintiff then engaged in a lengthy statement, asking defense counsel to cease and "desist" representing the defendants because they acted outside the scope of their duties. (T. 13-14).

Dismissal is a harsh sanction that is only used if no lesser sanctions are appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.2d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Id.* (citations omitted).

In this case, it is clear that plaintiff's refusal to participate is willful. He was well aware that he had been ordered to participate in his deposition, and he was warned at least three times that the failure to attend could result in dismissal. (Dkt. No. 57 at 4, 65

---

[7] Plaintiff's other excuse was that his rights were not being protected at the deposition, and he needed to go to the law library to determine what his rights were at the deposition. Defense counsel stated that the court reporter would swear plaintiff in, and plaintiff would then answer questions about the incident. (T. 14). Plaintiff's excuse was meritless. He could have always "objected" during the questioning if he believed that defense counsel's questions were inappropriate for a deposition.

9

Text Order, 68 Text Order). His excuse that he did not "receive" Judge Hurd's December 16, 2015 order is insufficient, because plaintiff had been warned twice before, and defense counsel read the warning that was contained in the December 16, 2015 order out loud to plaintiff. The court has considered lesser sanctions. Monetary sanctions are not sufficient because plaintiff is IFP and will not have money to pay a sanction. Thus, such a sanction would have no effect. Preclusion of his testimony would be tantamount to dismissal. Thus, the court has no option but to recommend dismissal.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defense counsel's motion to dismiss plaintiff's action as a sanction for failing to participate in his deposition pursuant to Fed. R. Civ. P. 37 (Dkt. No. 71) be **GRANTED**, and the case be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 8, 2016

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge